**Opinion issued May 30, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00255-CR**

**NO. 01-23-00256-CR**

**NO. 01-23-00257-CR**

———————————

**LIONELL LAMON STRICKLIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 82nd District Court**
**Falls County, Texas**
**Trial Court Case Nos. 10234, 10298, 10299**

---

## MEMORANDUM OPINION

In 2019, appellant Lionell Lamon Stricklin pleaded guilty to three charges of

the third-degree felony offense of violating a protective order by committing family

violence.[1] The trial court sentenced Stricklin to ten years' confinement in each case, to run concurrently, and imposed a $2,500 fine. The court then suspended the sentences and placed Stricklin on community supervision in each case for ten years. In 2020, the State moved to revoke community supervision in all three cases, alleging that Stricklin had violated multiple conditions of his community supervision. Stricklin pleaded "not true" to the alleged violations. After an evidentiary hearing, the trial court found that Stricklin had violated the conditions alleged in the State's motions. The trial court entered an order in each case revoking community supervision and sentencing Stricklin to ten years' confinement, to run concurrently. Stricklin timely filed notices of appeal.[2]

Stricklin's appointed appellate counsel has filed a motion to withdraw in each appeal, along with a brief stating that the records present no reversible error and the appeals are without merit and are frivolous. *See Anders v. California*, 386 U.S. 738,

---

[1] *See* TEX. PENAL CODE § 25.07(a)(1), (g)(2)(B). Appellate cause number 01-23-00255-CR corresponds with trial court cause number 10234. Appellate cause number 01-23-00256-CR corresponds with trial court cause number 10298. Appellate cause number 01-23-00257-CR corresponds with trial court cause number 10299.

[2] The Texas Supreme Court transferred this appeal from the Court of Appeals for the Tenth District of Texas. *See* TEX. GOV'T CODE § 73.001(a) (authorizing transfer of cases between courts of appeals); TEX. R. APP. P. 41.3 ("In cases transferred by the Supreme Court from one court of appeals to another, the court of appeals to which the case is transferred must decide the case in accordance with the precedent of the transferor court under principles of stare decisis if the transferee court's decision otherwise would have been inconsistent with the precedent of the transferor court.").

744 (1967). Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the records and supplying us with references to the records and to legal authority. *See id.*; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel states that he has thoroughly reviewed the record in each appeal and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.— Houston [1st Dist.] 2006, no pet.).

Stricklin's counsel has certified that he provided Stricklin with a copy of the brief and the motions to withdraw. *See In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008). Counsel has also certified that he informed Stricklin of his right to file a pro se response and provided Stricklin with a copy of the record in each appeal.[3] *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014). Stricklin filed a motion requesting access to the appellate records, which this Court granted, but he did not file a pro se response.

We have independently reviewed the entire record in each appeal, and we conclude that no reversible error exists in the records, there are no arguable grounds

---

[3] This Court also notified Stricklin that his counsel had filed an *Anders* brief and a motion to withdraw in each appeal and informed Stricklin that he had a right to examine the appellate records and file a response to his counsel's *Anders* brief. This Court also provided Stricklin with a form motion to access the appellate records. *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408–09 (Tex. Crim. App. 2008).

for review, and the appeals are frivolous. *See Anders*, 386 U.S. at 744 (stating that reviewing court, not counsel, determines "after a full examination of all the proceedings" whether "the case is wholly frivolous"); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (stating that reviewing court has duty to determine whether arguable grounds for review exist); *Mitchell*, 193 S.W.3d at 155 (stating that we make this determination by reviewing "entire record"). An appellant may challenge a holding that there are no arguable grounds for appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals. *Bledsoe v. State*, 178 S.W.3d 824, 827 & n.6 (Tex. Crim. App. 2005).

We affirm the judgments of the trial court and grant counsel's motions to withdraw filed in each appeal.[4] Attorney Stan Schwieger must immediately send Stricklin the required notice and file a copy of the notice with the Clerk of this Court. *See* TEX. R. APP. P. 6.5(c). We dismiss any other pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Adams and Justices Guerra and Farris.

Do not publish. TEX. R. APP. P. 47.2(b).

---

[4]     Appointed counsel still has a duty to inform Stricklin of the result of this appeal and that he may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals. *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997) (per curiam).